IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND CHARLES LIGHTS, #09875, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-0035 |
| | § | |
| JUDGE BEN HARDIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Charles Lights is confined in the Wharton County Jail pending a criminal trial. Lights proceeds *pro se* and *in forma pauperis*. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

I.  **BACKGROUND**

Lights' civil-rights claims stem from the criminal proceedings pending against him in Wharton County. He brings claims against four defendants: (1) Hon. Ben Hardin, 23rd

District Court of Wharton County; (2) Assistant District Attorney Mark Racer; (3) Colleen Manske, his court-appointed defense attorney; and (4) Michael G. Ditsky, Ph.D., a court-appointed psychologist. Lights states that he was involved in a motor-vehicle accident on April 1, 2021, that his girlfriend died in the accident, and that he was charged with her murder (Dkt. 1-1, at 2-3 & 13-14). He also states that he was questioned by law enforcement while he was still in the hospital and sedated, that Manske was appointed to represent him in August 2021, and that Dr. Ditsky visited him twice to see if he was competent to stand trial (*id.* at 2-3).

As reflected in documents submitted with the complaint, Judge Hardin signed an order on January 21, 2022, that reflected an agreed finding of incompetency (Dkt. 1-2, at 15-16). The order states that Dr. Ditsky, as ordered by the court, examined Lights twice and issued two competency evaluations, finding both times that Lights was incompetent to stand trial. Based on Dr. Ditsky's reports and the parties' agreement, the court ordered that Lights be confined and committed "for restoration to competency" to a maximum-security hospital for a period "not exceeding 120 days" (*id.*). Racer and Manske both signed below the judge's signature to reflect their approval.

In this suit, Lights alleges that all four defendants conspired to deprive him of his rights under the Due Process Clause of the Fourteenth Amendment when they participated in the competency proceeding. He claims that Judge Harden violated his rights at the proceeding because the judge ordered Lights committed for 120 days and did not follow

Texas law in the process. He also alleges that the judge conspired with the other defendants to deprive Lights of his rights and that the judge made false entries in a government record (Dkt. 1-1, at 8). He alleges that Racer violated his rights and conspired against him because he participated in the competency proceeding and was aware that certain Texas statutory requirements were not followed (*id*. at 9-10). He alleges that Manske violated his rights and conspired against him because she deprived him of protection during the proceeding and did not give him notice of the proceeding (*id*. at 11-12, 15). He alleges that Dr. Ditsky violated his rights and conspired against him when he failed to follow all of the procedures in Texas statutes for competency evaluations (*id*. at 10-11).

Lights previously filed a federal habeas action challenging his commitment for mental-health evaluation. On November 28, 2022, the Hon. Kenneth M. Hoyt dismissed the action as moot because, upon re-evaluation in July 2022, Lights had been found competent to stand trial. *See Lights v. Srubar*, Civil Action No. 4:22-1798 (Nov. 28, 2022).

As relief for his claims, Lights seeks monetary damages and an order requiring the defendants to pay for an attorney and a legal expert (Dkt. 1, at 4; Dkt. 1-1, at 16).

## II.     THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.  DISCUSSION

Lights brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). He also brings conspiracy claims under 42 U.S.C. § 1985(3). He seeks monetary relief for his claims. The Court now addresses in turn his claims against each of the four defendants.

First, Lights claims that Judge Harden violated his due-process rights during the competency proceeding. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* Rather, judicial immunity can be overcome in only two circumstances: when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction. *Id.* In

order to "discern whether a judge's actions are in fact 'judicial in nature'" under the first set of circumstances, a court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

In this case, Lights complains of Judge Hardin's actions during pre-trial proceedings. These alleged actions were clearly "judicial in nature" because they involved normal judicial functions, were centered on a case pending before the court, and arose from actions taken by the judge in his official capacity. *See id.* Lights pleads no facts that could show that Judge Hardin acted outside his judicial capacity or "in complete absence of all jurisdiction." *See Davis*, 565 F.3d at 221. His civil-rights claim against Judge Hardin therefore must be dismissed based on judicial immunity.

Second, Lights complains that Racer, the assistant district attorney, violated his rights during the competency proceeding. Prosecutors are shielded by absolute immunity "for activities intimately associated with the judicial phase of the criminal process, including initiating a prosecution and presenting the State's case." *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (cleaned up). Prosecutorial immunity "applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the

judicial process," even in cases in which prosecutors are accused of malicious prosecution or knowing use of perjured testimony. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *see Bradley v. Salvant*, 801 F. App'x 315 (5th Cir. 2020). However, when a prosecutor engages in investigative or administrative tasks and is not acting as "an officer of the court," absolute immunity does not apply. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). Here, Lights pleads no facts that could show that Racer was not acting as an officer of the court during the competency hearing. His civil-rights claims against Racer therefore must be dismissed.

As for Manske and Dr. Ditsky, Lights' claims fail because, although he asserts that both defendants acted under color of law when they participated in his competency proceedings and allegedly violated his rights (Dkt. 1-1, at 10-11), he does not adequately plead facts that could support a claim under the relevant legal standards. *See Iqbal*, 556 U.S. at 678 (a conclusory allegation is insufficient to state a claim). Although Lights states that Manske was appointed as his defense attorney for the criminal proceedings, a criminal defense attorney is not a state actor for purposes of § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (the plaintiff's claim against his defense attorney "is not cognizable in this section 1983 action because his attorney is not a state actor"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir.1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Although he states that Dr. Ditsky was appointed by the court to

conduct a competency evaluation, he pleads no facts that could demonstrate that Dr. Ditsky acted under color of law when carrying out the evaluation. *See Jeanty v. TXFM, Inc.*, 2020 WL 10045981, at *4 (E.D. Tex. Aug. 14, 2020) (collecting cases determining that a mental health professional is not acting "under color of law" based only on a court appointment), *report and recommendation adopted,* No. 4:19-CV-366, 2020 WL 5790436 (E.D. Tex. Sept. 28, 2020). Moreover, courts in this circuit have held that court-appointed experts may be entitled to derived judicial immunity. *See In re: Brown Med. Ctr., Inc.*, 552 B.R. 165, 173 (S.D. Tex. 2016) ("When judges delegate their authority or appoint others to perform services for the court, the judge's absolute judicial immunity may extend to his or her delegate or appointee") (cleaned up). Lights' claims against Manske and Dr. Ditsky under 42 U.S.C. § 1983 therefore must be dismissed for failure to state a claim on which relief can be granted.

Lights also brings a claim under 42 U.S.C. § 1985(3) for a conspiracy to deprive him of his constitutional rights (Dkt. 1-1, at 4). Section 1985(3) applies only to claims of racial animus or class-based discrimination. *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 379 (5th Cir. 2017). A § 1985 plaintiff must allege that the defendants "(1) conspired; (2) for the purpose of depriving, either directly or indirectly, [the plaintiff] of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) took or caused action in furtherance of the conspiracy; which (4) injured [the plaintiff] or deprived him of his rights or privileges

as a United States citizen." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). Because Lights alleges no racial animus or class-based discrimination, his claim must be dismissed for failure to state a claim on which relief can be granted.

Finally, to the extent Lights seeks injunctive relief, this Court must abstain. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989); *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principles of comity and federalism. *Younger*, 401 U.S. at 44. A court potentially invoking *Younger* considers "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up); *see Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). Here, Lights' criminal proceedings implicate Texas' important interests in enforcement of its criminal laws and provide Lights with an adequate forum to raise any federal constitutional claims he brings in this suit. *See Google*, 822 F.3d at 222; *RTM Media, L.L.C. v City of Houston*, 584 F.3d 220, 228 & n.11 (5th Cir. 2009). Therefore, any request for injunctive relief must be denied.

Viewing all facts in the light most favorable to Lights, his claims must be dismissed based on judicial and prosecutorial immunity and for failure to state a claim on which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Raymond Lights is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b) based on immunity and for failure to state a claim upon which relief may be granted. All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on _____April 28_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE